IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RAYMOND COLON                        :                CIVIL ACTION

     v.                                    :

GERALD L. ROZUM, et al.              :                NO.  08-3180


**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                     October     , 2008
Chief United States Magistrate Judge


       Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  (Doc. Nos. 1 & 3.)  Petitioner is incarcerated at the State

Correctional Institution at Somerset.  Respondents filed a response to petitioner's petition on

September 15, 2008 urging that the petition be dismissed as barred by the one-year statute of

limitations applicable to habeas petitions.  ("Resp.") (Doc. No. 7.)  Petitioner filed a "Response

to Respondents' Commonwealth's Answer and Memorandum of Law to Petition for Writ of

Habeas Corpus" on October 1, 2008.  ("Reply".) (Doc. No. 10.)  For the reasons stated below,

this court recommends that the petition be dismissed as barred by the one-year statute of

limitations.

I.     **BACKGROUND**

       On July 31, 1996, a federal criminal complaint for car jacking was issued against

petitioner under the alias Terence Frazier.  <u>USA v. Frazier</u>, Criminal Doc. 2:96-MJ-00558-1

(E.D. Pa.)  After a jury trial, petitioner was found guilty and sentenced to ten years incarceration

in federal custody.  (N.T., July 14, 1997 (Sentencing Hearing), at 20.)  On December 2, 1996 a

jury sitting before the Honorable Paul W. Tressler in the Court of Common Pleas for

Montgomery County, Pennsylvania, found petitioner guilty of robbery and related offenses.[1]

Commonwealth v. Colon, No. A1575-96 (C.P. Montgy. Dec. 23, 1997).  (Resp. Ex. FF.)  On July

14, 1997, petitioner was sentenced to an aggregate term of no less than fourteen (14) years nor

more than thirty-five (35) years imprisonment in a state correctional institution.  This sentence

was to run consecutively with petitioner's ten year federal sentence.  On December 23, 1997, the

trial court denied petitioner's motion to reconsider sentence following a hearing held on August

14, 1997.  Id.  Petitioner appealed to the Pennsylvania Superior Court which affirmed the

judgment of sentence on August 13, 1998.  Commonwealth v. Colon, No. 3995 Phila. 1997, slip

op. at 2-5 (Pa. Super. Ct. Aug. 13, 1998).  (Resp. Ex. CC.)[2]

On March 2, 1999, petitioner filed a pro se petition for collateral review under the

Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  The trial court

_____

[1]      The Superior Court of Pennsylvania summarized the facts of the underlying
conviction as follows:

> On March 11, 1996, in the City of Philadelphia, Dean Pailas's (Pailas) red, 1989
> Nissan Pathfinder was taken from him at gunpoint.  Two days later, an armed
> robbery occurred at Sam's Grill in Jenkintown, Montgomery County.  The robbers
> left the scene of the robbery in a red, 1989 Nissan Pathfinder.  Following an
> investigation, Appellant was charged with robbery, aggravated assault, simple
> assault, criminal attempt, criminal conspiracy, violation of the Uniform Firearms
> Act (VUFA), receiving stolen property, recklessly endangering another person,
> making terroristic threats and corruption of minors in connection with the robbery
> at Sam's Grill.

Commonwealth v. Colon, No. 3995 Phila. 1997, slip op. at 1-2 (Pa. Super. Ct. Aug. 13, 1998).
Petitioner was convicted of robbery with infliction of bodily injury, criminal attempt, criminal
conspiracy, violation of the Uniform Firearms Act, and theft by receiving stolen property.  Id.

[2]      Petitioner did not seek further direct appeal.  Commonwealth v. Colon, No. 1810
EDA 2006, slip op. at 3 (Pa. Super. Ct. Feb. 12, 2007).  (Resp. Ex. Q.)

appointed counsel and counsel filed a no merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988). On July 21, 1999, the trial court issued an order whereby it relieved appointed counsel of her responsibility to represent petitioner and informed petitioner that the court intended to dismiss the PCRA petition without a hearing. The court further advised petitioner that he had twenty days to file a response to the order, "after which this court shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." (Resp. Ex. AA.) The trial court denied the PCRA petition on December 9, 1999 and further advised petitioner that he had thirty days to appeal from the court's dismissal of his PCRA order.[3] Commonwealth v. Colon, No. A1575-96 (C. P. Montgy. Dec. 9, 1999). (Resp. Ex. Z.)

On April 7, 2006, petitioner filed another PCRA motion which was dismissed as untimely by the trial court on June 6, 2006. (Resp. Exs. V & X.) On February 12, 2007, the Superior Court of Pennsylvania affirmed the denial of petitioner's PCRA petition in a memorandum opinion dated February 12, 2007. Commonwealth v. Colon, No. 1810 EDA 2006, slip op. at 3 (Pa. Super. Ct. Feb. 12, 2007). (Resp. Ex. Q.)

Petitioner filed the instant habeas corpus petition on July 7, 2008. Petitioner argues that his Fifth Amendment right against Double Jeopardy was violated by his successive prosecution by the federal and state governments.[4] (Doc. No. 3.) Petitioner also wrote the

---

[3] Petitioner did not appeal from that order. Commonwealth v. Colon, No. 1810 EDA 2006 (Pa. Super. Ct. Feb. 12, 2007). (Resp. Ex. "Q".)

[4] At page 9 of the petition, petitioner argues the following:

    1.    The appellant was subjected to multiple prosecutions for same offense in violation of his rights.

undersigned a letter on September 3, 2008.[5]  On September 15, 2008, the District Attorney for

Montgomery County filed the Response to the petition arguing that the petition should be

dismissed as untimely.  (Doc. No. 7.)  Petitioner filed his Reply to respondent's answer on

October 1, 2008.  Petitioner essentially argues that the state violated his constitutional rights by

using the same evidence and witness' testimony utilized by federal prosecutors in order to obtain

a conviction in federal court.  (Doc. No. 10.)

---

2.        Appellant's counsel requested a mistrial concerning Double Jeopardy issues, submission of a motion requesting appropriate relief.

3.        Commonwealth of Penna, Court of Common Pleas, County of Montgomery, abused it's [sic] discretion by releasing appellant to federal custody to face criminal charges for the same offense which he was being charged in the State.

4.        The appellant was prejudiced because he was denied the protection of the United States Constitution, 5th Amendment.

5.        The appellant is requesting release under the Post Conviction Relief Act, stating that the Commonwealth waived its jurisdiction to prosecute the appellant when [it] said sovereign allowed the United States Government to prosecute appellant, subject matter jurisdiction.

(Pet. at 9.)

[5]     In the September 3, 2008 letter, petitioner argues, inter alia, that: (1) it was the duty of the court, not the duty of court appointed counsel, to determine whether his initial PCRA petition had merit; (2) the "court/and it's [sic] government officials". . . denied "petitioner's repeated requests for the proper legal materials to submit a timely PCRA while movant was incarcerated;" (3) petitioner was not able to file his "instant PCRA petition" until April 22, 2005, the day on which he began to serve his state sentence since he was not in state custody until that time; (4) court appointed counsel was ineffective since she recommended in her Finley letter that petitioner's PCRA petition was meritless; counsel was under the mistaken belief that petitioner's initial PCRA petition was untimely.  Colon Letter of Sept. 3, 2008 at 1-4.

II.     **DISCUSSION**

   A habeas petition must be filed in a timely manner.  Title 28 U.S.C. § 2244(d),

enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates

a one-year time limit for filing a habeas corpus petition and in relevant part provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S.

944 (2001).

   For the purposes of Section 2244(d)(1)(A), petitioner's conviction became final

on September 12, 1998, when the time for seeking an appeal to the Supreme Court of

Pennsylvania expired.  See Pa. R. App. P. 903(a).  Petitioner had one year from that date, until

September 12, 1999, to seek federal habeas review.  See Burns v. Morton, 134 F.3d 109, 111 (3d

Cir. 1998).  The instant petition, filed on August 6, 2008, was filed nine years after the AEDPA

statute of limitations expired and must be dismissed as untimely unless the deadline was subject

to statutory or equitable tolling.

>     **A.**     **Statutory Tolling**

The one-year statute of limitations is tolled during the time petitioner had pending

in the state courts a properly filed PCRA petition.  See 28 U.S.C. § 2244(d)(2) (providing that the

time during which a "properly filed" petition for collateral relief is pending is not counted toward

the one-year statute of limitations).  Petitioner's first PCRA petition was filed on March 2, 1999,

and tolled the statute of limitations with 171 remaining.  Review of that PCRA petition ended on

December 9, 1999, when the trial court denied the petition.  Commonwealth v. Colon, No.

A1575-96 (C.P. Montgy. Dec. 9, 1999).  (Resp. Ex. Z.)  The AEDPA statute resumed running at

that time and expired 194 days later, on June 20, 2000.

Petitioner's second PCRA petition was filed on April 7, 2006, well after the

AEDPA statute of limitations had expired, and does not toll an already expired statute of

limitations.  See Fried v. Horn, 2003 WL 23142179, at *3 (E.D. Pa. Aug. 11, 2003) (petition

filed in state court cannot "restart the already-expired federal statute of limitations"), approved

and adopted, Order, No. 02-CV-8314 (E.D. Pa. Nov. 25, 2003), application for certificate of

appealability denied, Order, No. 04-1032 (3d Cir. April 12, 2004).

Moreover, even if the AEDPA statute of limitations had not already expired, the

state courts dismissed petitioner's second PCRA petition as untimely.  Commonwealth v. Colon,

No. C.P.- 46-CR-0011575-1996 (C.P. Montgy. July 28, 2006).  (Resp. Ex. U)  Case law is clear

that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of

limitations.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely PCRA petition is not

a basis for statutory tolling).  See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir.) (same),

cert. denied, 540 U.S. 921 (2003).

   Thus, to be timely, the petition for a writ of habeas corpus had to be filed by June

20, 2000.  The instant petition was filed on July 7, 2008, more than eight years too late.  The

petition should be dismissed as untimely.[6]

  **B.** **Equitable Tolling**

   Petitioner has not shown that the statute of limitations should be equitably tolled.

The Third Circuit has held that the federal habeas statute of limitations is subject to equitable

tolling.  Equitable tolling is allowed

> only in the rare situation where ... [it] is demanded by sound legal principles as
> well as the interests of justice .... [and] only when the principles of equity would
> make the rigid application of a limitation period unfair.  Generally, this will occur
> when the petitioner has in some extraordinary way been prevented from asserting
> his or her rights.  The petitioner must show that he or she exercised reasonable
> diligence in investigating and bringing the claims.

Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004) (citations and internal quotation marks

omitted), cert. denied, 544 U.S. 1037 (2005).  See also Miller v. New Jersey State Dep't of

Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (same).  The Third Circuit Court of Appeals has

cautioned that courts should use equitable tolling only sparingly.  Lacava v. Kyler, 398 F.3d 271,

---

   [6] Petitioner's failure to comply with the statute of limitations is not excused by the
prisoner "mailbox rule," which applies to all petitions filed by pro se inmates.  Burns v. Morton,
134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at the
moment he delivers it to prison officials for mailing to the district court").  Petitioner executed
and dated his petition on July 2, 2008.  Using this date, the petition remains more than eight years
too late.

275 (3d Cir. 2005) (citations omitted).  Equitable tolling only may be found when: (1) the state

has actively misled the petitioner; (2) the petitioner has in some extraordinary way been

prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a

wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  In a non-capital case, such as

the one now before the court, "attorney error, miscalculation, inadequate research, or other

mistakes," do not constitute extraordinary circumstances required for equitable tolling.  Fahy,

240 F.3d at 244.

      Petitioner has not demonstrated that the Commonwealth of Pennsylvania misled

him regarding the required date to file his federal habeas corpus petition.  Petitioner has neither

alleged nor proven that he has "in some extraordinary way" been prevented from asserting his

rights.  Finally, this is not a case where petitioner timely asserted his rights in the wrong forum.

      Petitioner also has failed to show that he exercised "reasonable diligence in

investigating and bringing [his] claims."  Schlueter, 384 F.3d at 76.  "A petitioner seeking

equitable tolling bears the burden to prove that he diligently pursued his rights and that some

'extraordinary circumstances stood in his way.'"  McAleese v. Brennan, 483 F.3d 206, 219 (3d

Cir. 2007) (quoting Pace, 544 U.S. at 418).  Petitioner offers no plausible explanation for filing

the instant habeas petition more than eight years after the AEDPA statute of limitations expired.

      Accordingly, the court makes the following:

# R E C O M M E N D A T I O N

AND NOW, this        day of October, 2008, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that no certificate of appealability ("COA") be granted.[7]

The petitioner may file objections to the Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

---

[7]      The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).