**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND COLON, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-3180 |
| GERALD L. ROZUM, et al. | : | |

**MEMORANDUM RE: PETITIONER'S OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION**

Baylson, J.                                                                                       January 28, 2009

**I.     Introduction**

Petitioner, Raymond Colon ("Colon"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The undersigned referred the case to Magistrate Judge Thomas J. Rueter for a Report and Recommendation ("R&R") on the merits. (Doc. 5). Magistrate Judge Rueter filed his R&R (Doc. 12) on October 9, 2008, and presently before the Court are Petitioner's Objections, which he filed on October 17, 2008 (Doc. 13) and on October 27, 2008 (Doc. 14).

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Rueter's R&R.

**II.    Background**

   **A.    Procedural History**

After a jury convicted Colon for carjacking in federal court, Crim. Doc. 2:96-MJ-00558-1 (E.D. Pa.), Colon was subsequently found guilty of robbery and several other related offenses

1

after a trial by jury in the Court of Common Pleas of Montgomery County.  See (Ex. FF).[1]  Judge Tressler sentenced petitioner to a fourteen (14) to thirty-five (35) year prison sentence to run consecutively with Colon's federal sentence of ten (10) years.  See (Id.).  Petitioner filed a petition for reconsideration of his sentence, which was denied December 23, 1997.  (Id.).  Petitioner appealed to the Pennsylvania Superior Court, which affirmed the sentence on August 13, 1998.  (Ex. CC).

On March 2, 1999, Colon filed his first petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA").  After receiving the petition, Judge Tressler appointed counsel for Colon.  (Ex. BB).  However, the appointed counsel filed a no-merit letter under Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), and the court relieved counsel of her responsibilities on July 21, 1999.  (Ex. AA).  In that order, which was sent to Colon, the court also indicated that it intended to dismiss Colon's petition but that he had twenty days to file a response.  (Id.).  When Colon failed to respond, the court dismissed the petition on December 9, 1999 and notified Colon that he had thirty days to appeal the dismissal to the Pennsylvania Superior Court, which he did not do.  (Ex. Z).

Colon filed a second PCRA petition on April 7, 2006 (Ex. Y), which was dismissed as untimely on June 6, 2006.  (Ex. V, X).  Colon also filed a third PCRA petition with the trial court on January 8, 2007 (Ex. T), which the trial court also dismissed as being untimely on February 5, 2007 (Ex. R, S).  Petitioner appealed the dismissal of his second petition to the Pennsylvania Superior Court, and his appeal was denied on February 12, 2007.  (Ex. Q).

---

[1] For ease of reference, all citations to Exhibits refer to the Exhibits in support of Respondent's Response to the Petition for Writ of Habeas Corpus.  (Doc. 7).

Colon has also filed numerous other motions for post-conviction relief, including one on July 9, 2007, which was dismissed by the trial court. (Ex. L, K). The appeal of that order was dismissed on September 19, 2007 by the Pennsylvania Superior Court. (Ex. J).

Colon then filed the instant Petition for Writ of Habeas Corpus (Doc. 1) on July 7, 2008, and generally claims that his right against Double Jeopardy under the Fifth Amendment, as incorporated against the states by the Fourteenth Amendment, was violated when he was convicted of carjacking in federal court, then robbery and the related offenses in Pennsylvania state court. The Respondent filed a response to Colon's petition on September 15, 2008 (Doc. 7), to which Colon responded on October 1, 2008 (Doc. 10). Magistrate Judge Rueter then filed his R&R (Doc. 12) on October 9, 2008. Petitioner also filed a Petition to Amend his Habeas Petition on October 9, 2008. (Doc. 11). Petitioner filed his Objections and Response to the R&R (Doc. 13) on October 17, 2008, then filed additional objections on October 27, 2008 (Doc. 14).

**B.      Summary of the Magistrate Judge's R&R**

The R&R found that Colon's Petition for a Writ of Habeas Corpus was time-barred in its entirety under the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). According to the R&R, Petitioner's conviction became final on September 12, 1998, when his time for seeking an appeal to the Supreme Court of Pennsylvania expired. The R&R also determined that the AEDPA statute of limitations was subject to statutory tolling during the time that Colon's first PCRA petition was filed with the state court, from March 2, 1999 to December 9, 1999. With the statutory tolling, Colon's AEDPA statute of limitations expired on June 20, 2000. The R&R also found that Petitioner's second PCRA petition, filed on April 7, 2006, and all other successive post-conviction relief

3

petitions filed in state court did not toll the limitations period because they were filed after the AEDPA statute of limitations had already expired and because the state courts determined that the petitions were all untimely. Finally, the R&R found that Petitioner did not qualify for equitable tolling under the three examples of equitable tolling provided by the Third Circuit and because Colon has failed to establish that he was reasonably diligent in pursuing his case.

**III.     Petitioner's Objections**

Petitioner objects to the R&R on three grounds. First, Colon argues that he did not receive notice of the deadline of his appeal for his first PCRA petition. He contends that his court-appointed counsel who filed the no merit letter did not notify him of the deadlines and that he never received the orders of the trial court that notified him of the applicable deadlines. Second, Colon argues that, while he was serving his time in federal prison outside of Pennsylvania, this tolled the AEDPA statute of limitations until he was placed back in the custody of the Pennsylvania state prison system. Finally, Colon contends that he was unable to pursue his first PCRA appeal because he could not secure the necessary legal materials.

**IV.     Standard of Review**

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews de novo only those findings of the R&R that a Petitioner specifically objects to. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72. Petitioner objects to the finding by the R&R that Petitioner's Petition is time-barred. 28 U.S.C. § 2244 provides that:

> (1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Additionally, the Third Circuit has held that this statute of limitation is subject to equitable tolling in circumstances where "the petitioner has in some extraordinary way. . . been prevented from asserting his or her rights. . . [and] show[n] that he or she exercised reasonable diligence in investigating and bringing the claims." Miller v. N.J. State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations and citations omitted).

When reviewing documents filed pro se a court must keep in mind that "[a] document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

V.   Discussion

  A.   Petitioner's First Objection

Petitioner's first objection is that he is entitled to equitable tolling due to not having received notice of the deadlines to appeal his first PCRA petition dismissal. The two orders that Colon refers to are (Ex. AA, Z) in Respondent's Exhibits. Contrary to Colon's objection, those two court orders both include statements at the bottom indicating that copies were sent to Petitioner at the federal prison where he was incarcerated. These two orders, which were sent to Colon, also clearly instruct Colon that he had the opportunity to pursue the claim if he so desired. The orders state that Colon had a period of time to file a response to the trial court's intent to dismiss the petition and a period of time to file an appeal after the trial court dismissed the

petition. The court orders did not deny Colon the opportunity to respond or appeal due to being out of the state or for any other threshold or jurisdictional reason.

Even if he was not aware of the court orders, Colon has presented no evidence to suggest that he actively attempted to pursue his case until late 2003 and early 2004–four years after the trial court judge dismissed his first PCRA petition.

As to Colon's argument that his court-appointed counsel should have notified him of the deadlines even after the court relieved her of her obligations, in non-capital cases, attorney error alone is not a sufficient basis for allowing equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). An attorney's failure to notify a client of the status of state collateral proceedings does not rise to the level of "extraordinary circumstances" necessary for equitable tolling. LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005).

Colon has not offered anything to suggest that he was diligent in pursuing his appeals. On the contrary, after the court-appointed counsel was relieved, he failed to pursue his case for four years. Equitable tolling is only granted to those petitioners that show they have been reasonably diligent in pursuing their claims, which Colon has not done. Pace v. DiGuglielmo, 544 U.S. 408, 518 (2005) (holding that in order to qualify for equitable tolling under AEDPA a petitioner must show "that he has been pursuing his rights diligently").

With respect to Colon's second and successive PCRA petitions, the R&R is correct in its finding that they did not toll the federal statute of limitations. 28 U.S.C. § 2244 explicitly states that only a "properly filed" state court petition for post trial review will toll the statue of limitations. Petitioner's third PCRA petition was dismissed as untimely under state law, and thus it also did not toll the statute of limitations. Pace, 544 U.S. at 413.

6

### B. Petitioner's Second Objection

Petitioner's second objection is that the statute of limitations was tolled while he was serving his time in federal prison and that he could not, as a matter of law, pursue his PCRA petition in Pennsylvania state court. Colon contends that Pennsylvania courts did not have the jurisdiction to consider his PCRA petition while he was outside of the state. However, the trial court judge in the first PCRA petition explicitly indicated that Colon was permitted to pursue his claim. The trial court allowed Colon to file a response and objections to his intent to dismiss the first PCRA petition in the first court order (Doc. AA). And in the second court order, which dismissed the PCRA petition, the trial court again notified Colon of his right to pursue an appeal within thirty days of the order. (Ex. Z). Nothing in either court order indicates that the judge was denying review because Colon was outside of the state.

In addition, Colon's argument that a Pennsylvania state court can not hear a PCRA petition unless the prisoner is in Pennsylvania state custody is also unsupported by the case law. In Commonwealth v. Judge, 797 A.2d 250 (Pa. 2002), the Pennsylvania Supreme Court determined that a state court could hear a PCRA petition even where the individual was outside of the state. Id. at 257 (holding that state court had jurisdiction over petition for state collateral relief under PCRA when petitioner filed petition from Canada after escaping from custody after trial: "A prisoner must file his or her PCRA Petition within the time limits set forth in the PCRA in order for the court to have jurisdiction over the matter. . . . [N]othing in the language of the PCRA requires the prisoner be in the Commonwealth when he or she files a Petition.").

Judge Pratter considered and rejected a similar argument concerning the tolling of the PCRA petition when not in Pennsylvania custody. See Tyler v. Wilson, 2006 WL 680959, at *2

(E.D. Pa. Mar. 14, 2006) (Pratter, J.) (considering argument by state habeas petitioner that PCRA statute of limitations was tolled while he was serving sentence in New York state prior to serving sentence in Pennsylvania: "Mr. Tyler's argument that his time to seek state post conviction relief under the PCRA was tolled during the time he was completing his prison sentence in New York is unavailing as a matter of Pennsylvania law.  Mr. Tyler could have sought state post-conviction relief from a prison in New York as easily as from a prison in Pennsylvania.  Thus, because Mr. Tyler's PCRA petition was untimely filed, it could not toll the limitations period for habeas purposes." (citing Judge, 797 A.2d at 257)).

Simply put, a prisoner's residence outside of Pennsylvania does not prevent a Pennsylvania state court from hearing a PCRA petition and does not toll the Pennsylvania PCRA statute of limitations.

### C.  Petitioner's Third Objection

Finally, Colon contends that he is deserving of equitable tolling in this case because he actively pursued the legal materials that were necessary to research his PCRA petition.  In support of his argument, Colon attaches several letters from organizations rejecting his request for legal materials or legal assistance.  (Doc. 13).  As noted above, while these letters indicate that Colon sought out legal materials and legal assistance, he did not do so until late 2003 or early 2004.  As Magistrate Judge Rueter noted in the R&R, Colon's statue of limitations under AEDPA expired on June 20, 2000–over three years prior to Colon's attempts to gain the legal materials to pursue the case.

Other than these letters, Colon has offered no explanation and no grounds for his failure to pursue his case after the trial court dismissed his initial PCRA petition.  As the Supreme Court

has recognized, in order for a petitioner to qualify for equitable tolling under AEDPA, the petitioner must show "that he has been pursuing his rights diligently." Pace, 544 U.S. at 518. Colon has not provided sufficient evidence to indicate that he has been "diligent" in pursuing his appeal.

**VI.    Conclusion**

For the reasons stated above, this Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND COLON, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-3180 |
| GERALD L. ROZUM, et al | : | |

**<u>ORDER</u>**

AND NOW, this 28th day of January, 2009, for the reasons set forth above, it is hereby ORDERED as follows:

1.  The Report and Recommendation of Magistrate Judge Thomas J. Rueter dated October 9, 2008 (Doc. 12) is APPROVED and ADOPTED.

2.  The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED with prejudice and DISMISSED without an evidentiary hearing;

3.  Petitioner's Petition to Amend (Doc. 11) is DENIED as moot;

3.  There is no probable cause to issue a certificate of appealability; and

4.  The Clerk shall close this case.

BY THE COURT:


/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.


O:\CIVIL 07-08\08-3180 Colon v. Rozum\Colon v. Rozum - Memorandum R&R.wpd